UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

James David McKathan
Kaylynn Hayman McKathan

Debtors

Bankruptcy Case 3:13-bk-00293-PMG

Chapter 12 Plan

PLAN

The debtors, James David McKathan and Kaylynn Hayman McKathan, show:

A. Preliminary Matters

1. The debtors are family farmers with regular annual income within the meaning of §109(19) and filed a voluntary petition under chapter 12 on January 18, 2013 [Doc. 1].

2. This is a plan as contemplated by §§1221 - 1231 and filed and pursuant to the order dated January 23, 2013 [Doc. 6].

3. The debtors are the proponents of the plan.

4. References in this document to statutory sections and chapters are references to sections and chapters of the Bankruptcy Code, unless otherwise indicated.

5. The definitions set forth below shall be applicable in the interpretation of this plan. The definitions contain legal descriptions for the various parcels owned by the debtors.

B. Payments to the Trustee

1. The debtor shall make equal monthly and annual payments to the trustee as set forth below.

2. The monthly payments to the trustee shall commence on the effective date of the plan and continue on the same day of each succeeding month for 60 months.

3. The monthly payment amount shall be $4,500.

     4. The annual payments to the trustee shall commence on the first day of June, 2014 and continue on the same day of each successive year for a total of 4 years.

     5. The annual payment amount shall be $26,100.

C. Treatment of Claims and Disbursements

     1. The treatment of claims under the plan and disbursements to be made by the trustee are set forth below.

     2. The trustee holds an administrative expense claim for compensation and expenses.
     a. The trustee shall receive such an amount as is established by the United States trustee according to law.

     3. Federal National Mortgage Association (Fannie Mae) serviced by Seterus, Inc. holds Claim 12.
     a. This is a secured claim in the amount of $229,361.03.
     b. This is a first mortgage.
     c. The collateral is Parcel 1 owned by the debtors.
     d. The collateral shall be retained.
     e. Payments to this creditor shall equal the amount of the secured claim amortized over 360 months with interest at the Till rate.
     f. The proposed Till rate for this claim is the prime rate on the date of the confirmation hearing, plus two percent interest per annum. The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court. Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence presented.
     g. The payments shall commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court enters an order requiring adequate protection payments.
     h. If the Court has entered an order requiring adequate protection payments, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If the adequate protection payments are higher than the amounts set forth in the plan, the trustee, upon confirmation of the plan, shall reduce the amount distributed to this creditor in an amount equal to the difference between the adequate protection payment and the plan payments for the months adequate protection payments are distributed.
     i. Upon completion of the payments under the plan, the debtors shall make direct payments to the creditor holding this claim until the claim is satisfied according to the terms of the plan.

  j. The debtors estimate the cash disbursements to this creditor will be $1,270 each month.

 4. SunTrust Bank holds Claim 3.
  a. This is a secured claim in the amount of $122,401.01.
  b. The creditor holds a second mortgage.
  c. The collateral is Parcel 1 owned by the debtors.
  d. The collateral shall be retained.
  e. Payments to this creditor shall equal the amount of the secured claim amortized over 360 months with interest at the Till rate.
  f. The proposed Till rate for this claim is the prime rate on the date of the confirmation hearing, plus two percent interest per annum. The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court. Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence presented.
  g. The payments shall commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court enters an order requiring adequate protection payments.
  h. If the Court has entered an order requiring adequate protection payments, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If the adequate protection payments are higher than the amounts set forth in the plan, the trustee, upon confirmation of the plan, shall reduce the amount distributed to this creditor in an amount equal to the difference between the adequate protection payment and the plan payments for the months adequate protection payments are distributed.
  i. Upon completion of the payments under the plan, the debtors shall make direct payments to the creditor holding this claim until the claim is satisfied according to the terms of the plan.
  j. The debtors estimate the cash disbursements to this creditor will be $680 each month.

 5. PNC Bank holds Claim 5.
  a. This is a secured claim. The proof of claim indicates this is a fully secured claim in the amount of $510,521.81. Due to prior recorded mortgages, and the value of the collateral, the debtors will move to value the secured claim in the amount of $53,588.
  b. The creditor holds a third mortgage.
  c. The collateral is Parcel 1 owned by the debtors.
  d. The collateral shall be retained.
  e. Payments to this creditor shall equal the amount of the secured claim amortized over 360 months with interest at the Till rate.
  f. The proposed Till rate for this claim is the prime rate on the date of the confirmation hearing, plus two percent interest per annum. The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court. Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence

presented.

 g. The payments shall commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court enters an order requiring adequate protection payments.

 h. If the Court has entered an order requiring adequate protection payments, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If the adequate protection payments are higher than the amounts set forth in the plan, the trustee, upon confirmation of the plan, shall reduce the amount distributed to this creditor in an amount equal to the difference between the adequate protection payment and the plan payments for the months adequate protection payments are distributed.

 i. Upon completion of the payments under the plan, the debtors shall make direct payments to the creditor holding this claim until the claim is satisfied according to the terms of the plan.

 J. The unsecured portion of this claim shall be treated as a deficiency claim and receive treatment as a general unsecured claim.

 k. The debtors estimate the cash disbursements to this creditor will be $300 each month.

 6. SunTrust Bank holds Claim 7.

 a. This is a secured claim. The proof of claim indicates this is a fully secured claim in the amount of $1,183,040.02. Due to prior recorded mortgages, and the value of the collateral, the debtors will move to value the secured claim at a lesser amount as set forth below.

 b. The creditor holds mortgages on two of the parcels owned by the debtors.

 c. The collateral is a first mortgage on Parcel 2; a second mortgage on Parcel 2; a first mortgage on Parcel 3; and, a second mortgage on Parcel 3.

 d. Parcel 2 shall be retained by the debtors and Parcel 3 shall be surrendered.

 e. The debtors will move to value the claim to the extent it is secured by Parcel 2 at $175,968.

 f. Payments to this creditor shall equal the amount of the secured claim amortized over 360 months with interest at the Till rate.

 g. The proposed Till rate for this claim is the prime rate on the date of the confirmation hearing, plus two percent interest per annum. The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court. Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence presented.

 h. The payments shall commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court enters an order requiring adequate protection payments.

 i. If the Court has entered an order requiring adequate protection payments, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If the adequate

protection payments are higher than the amounts set forth in the plan, the trustee, upon confirmation of the plan, shall reduce the amount distributed to this creditor in an amount equal to the difference between the adequate protection payment and the plan payments for the months adequate protection payments are distributed.

    j. Upon completion of the payments under the plan, the debtors shall make direct payments to the creditor holding this claim until the claim is satisfied according to the terms of the plan.

    k.  The unsecured portion of this claim shall be treated as a deficiency claim and receive treatment as a general unsecured claim.

    l.  The debtors estimate the cash disbursements to this creditor will be $975 each month.

    7.  Springleaf Financial Service holds Claim 8.
    a.  This is a secured claim.  The proof of claim indicates  $55,143.30 is owed.
    b.  The creditor holds a first mortgage.
    c.  The collateral is Parcel 4 owned by the debtors.
    d.  The collateral shall be retained.
    e.  Payments to this creditor shall equal the amount of the secured claim amortized over 240 months with interest at the Till rate.
    f.  The proposed Till rate for this claim is the prime rate on the date of the confirmation hearing, plus two percent interest per annum.  The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court.  Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence presented.

    g.  The payments shall commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court enters an order requiring adequate protection payments.

    h.  If the Court has entered an order requiring adequate protection payments, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If the adequate protection payments are higher than the amounts set forth in the plan, the trustee, upon confirmation of the plan, shall reduce the amount distributed to this creditor in an amount equal to the difference between the adequate protection payment and the plan payments for the months adequate protection payments are distributed.

    i. Upon completion of the payments under the plan, the debtors shall make direct payments to the creditor holding this claim until the claim is satisfied according to the terms of the plan.

    j. The debtors estimate the cash disbursements to this creditor will be $360 each month.

    8. Federal National Mortgage Association (Fannie Mae) serviced by Seterus, Inc. holds Claim 11.
    a.  This is a secured claim in the amount of $83,524.86
    b.  This is a first mortgage.

      c. The collateral is Parcel 5 owned by the debtors.
      d. The collateral shall be retained.
      e. The terms and provisions of this mortgage shall remain unchanged.
      f. The debtors shall make direct payments to this creditor outside the plan in an amount required by the existing lending instruments.
      g. The monthly payment to be made directly to this creditor is $650.

    9. General Unsecured Claims.
      a. Creditors who hold allowed general unsecured claims, including deficiency claims, shall receive a pro-rata distribution of remaining amounts after disbursements are made to those holding allowed administrative, priority and secured claims as set forth above.

### C. Miscellaneous Provisions

    1. Title to all property of the estate shall revest in the debtor upon the entry of an order confirming this plan, unless otherwise ordered by the Court.

    2. The debtors shall not be charged or assessed a late charge or fee for payments made under the plan.

    3. Each creditor shall retain its lien to the extent permitted by §506(d).

    4. Any claims filed after the claims deadline established pursuant to Fed. R. Bankr. P. 3002, shall not receive distribution under this plan unless specifically provided for above.

    5. If a creditor holds a claim secured by a mortgage, and the plan provides for disbursements by the trustee to the creditor holding the claim, and the creditor desires to have ad valorem real property taxes and insurance escrowed, the creditor shall notify the trustee, and undersigned counsel, in writing, and the monthly distribution to this creditor shall be increased accordingly. Further, the total monthly payment shall also be adjusted to reflect the increased payment to this creditor, and the additional administrative expenses due the trustee.

    6. The debtor, upon reasonable request by a creditor holding a claim secured by a mortgage, shall execute a note, security agreement, mortgage or other similar instrument or document to reflect the amounts owing, and the terms of payment as provided by the plan, and to preserve and maintain any security interest, mortgage interest or lien rights.
      a. It shall be the responsibility of this creditor to prepare any such instrument or documents.
      b. Instruments and documents prepared under this section may provide that the debtor be required to maintain insurance and pay taxes on collateral, only to the extent that a creditor had such a right by way of statute or written agreement prior to the petition date. Instruments and documents prepared under this section may provide that if the debtor defaults in payments under the plan, or in any obligation by way of statute or written agreement to provide insurance or pay

taxes (except for taxes paid through the plan and owing on the effective date of the plan), then the secured creditor may, at its option, accelerate full payment of the obligation.

  c. Upon default, as set forth above, and after completion of payments under the plan, the instrument may provide the secured creditor pursue its remedies in its collateral, as provided by law, including repossession or foreclosure of its interest, and maintain the rights to seek a judgment for any deficiency. Further, upon default as set forth above, the document or instrument may provide that the creditor is entitled to reasonable attorney's fees and costs incurred in the preservation, liquidation of its collateral, foreclosure of its lien rights, or in collecting amounts due. Such instruments are documents may also provide for payment of a late charge upon the failure of the debtor to make timely payments. However, the late charge shall not be in an amount in excess of 5% of the monthly payment.

## D. Definitions and Rules of Construction

  1. References in this document to statutory sections and chapters are references to sections and chapters of the Bankruptcy Code, unless otherwise indicated.

  2. The definitions set forth below, and the definitions and rules of construction set forth in §101 and §102 of the Bankruptcy Code shall apply when interpreting the plan.

  3. The term "adequate protection payment" shall mean relief created to protect the value of a secured creditor's lien so that it does not diminish during the bankruptcy proceeding prior to the effective date of the plan. This may include periodic payments, interest payments, or a replacement lien.

  4. The term "administrative claim" shall mean a claim which is an allowed administrative expense under § 507(a)(2).

  5. The term "Bankruptcy Code" shall mean the Bankruptcy Code codified at 11 U.S.C. §101 et seq.

  6. The term "claim" shall mean any right to payment, or right to an equitable remedy, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, beneficial, secured or unsecured.

  7. The term "collateral" shall mean the property or interest of the debtor or the estate which is subject to the lien, security interest or charge of a creditor holding a secured claim.

  8. The term "confirmation date" shall mean the date upon which the order of confirmation is entered by the court.

9. The term " confirmation order" shall mean an order entered by the court confirming the plan pursuant to §1225.

10. The term "Court" shall mean the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

11. The term "creditor"shall mean any person or entity that has a claim against the debtor.

12. The term "debtors" shall mean the debtors listed in the caption of this document.

13. The term "deficiency claim" is a general unsecured claim or a priority claim equal to the following:
   a. The amount which remains owing on a claim after an amount equal to valuation of collateral under §506(d) is deducted from the claim; or
   b. The amount which is or will remain lawfully owing on a claim after disposition of collateral surrendered under the plan to a creditor.

14. The term "effective date of the plan" shall mean the first day of the second month following the date of the entry of order of confirmation which is final and non-appealable.

15. The term "general unsecured claim" shall mean a claim which is an allowed claim which is not secured or entitled to priority under §507(a).

16. The term "Parcel 1" shall mean the parcel of real property owned by the debtor and located at 13401 West Highway 316 - Reddick, Florida 32686. The parcel has been assigned parcel identification number 05863-001-03 by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 2288 at page 0151.

17. The term "Parcel 2" shall mean the parcel of real property owned by the debtor and located at 17400 NW 120th Terrace Road - Reddick, Florida 32686. The parcel has been assigned parcel identification number 0197-008-001by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 2536 at page 0067.

18. The term "Parcel 3" shall mean the parcel of real property owned by the debtor and located at 17405 NW 120th Terrace Road - Reddick, Florida 32686. The parcel has been assigned parcel identification number 0197-008-000 by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 3889 at page 0243.

19. The term "Parcel 4" shall mean the parcel of real property owned by the debtor and located at 4775 N.W. 61st Lane - Ocala, Florida 34482. The parcel has been assigned parcel identification number 1352-001-016 by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 3778 at page 0260.

20. The term "Parcel 5" shall mean the parcel of real property owned by the debtor and located at 2680 N.E. 37th Place Road - Ocala, Florida 34489. The parcel has been assigned parcel identification number 15847-001-14 by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 3265 at page 1324.

21. The term "petition date" shall mean the date the debtor filed its voluntary petition under chapter 12.

22. The term "plan" shall mean this chapter 12 plan, as amended, in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

23. The term "prime rate " shall mean the prime rate of interest, as reported by the *Wall Street Journal*.

24. The term "priority claim" shall mean a claim which is an allowed claim described in under § 507(a) , and includes any priority tax claim.

25. The term "proposed Till rate" shall mean the Till rate proposed by the debtor as identified in the plan.

26. The term "satisfied"or "satisfaction" shall mean the payment of an allowed claim as provided for under the term of the plan, including any interest or other charges as provided for under the terms of the plan. Unless the plan specifies otherwise, an allowed claim shall be deemed satisfied, if paid in full, without interest.

27. The term "secured claim" shall mean an allowed claim secured by collateral, to the extent of the value of the collateral determined in accordance with §506(a).

28. The term "Till rate" shall mean the rate of interest per annum determined in accordance with the rationale enunciated in *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). The proposed Till rate shall be the Till rate, unless otherwise ordered by the Court, and as provided in the plan.

Dated: April 19, 2013

By: /s/ Richard A. Perry
RICHARD A. PERRY
Florida Bar No. 394520
820 East Fort King Street
Ocala, Florida 34471-2320
352- 732-2299
richardperry@richard-a-perry.com
Attorney for Debtor