UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:13-bk-00293-PMG

IN RE:

JAMES DAVID MCKATHAN and
KAYLYNN HAYMAN MCKATHAN
    Debtors
_____

ORDER CONFIRMING CHAPTER 12 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on notice that the Plan complies with the provisions of 11 U.S.C. §1225,

Accordingly:

**IT IS ORDERED** that:

1. The Plan, dated July 1, 2014, as amended in open court, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtors in the amount of $10,000.00 per month for a period of sixty (60) months commencing on or before August 1, 2014. Annual payments of $26,100.00 shall commence on the August 1, 2014 and continue on the same day of each succeeding year for a total of 4 years. Payments shall be made by certified funds to Douglas W. Neway, Trustee, at **P.O. Box 4308, Jacksonville, Florida 32201.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund this Plan for 60 months, beginning on the date that the first payment is due under the Plan, using

JAMES DAVID MCKATHAN and                                    CASE NO: 3:13-bk-00293-PMG
KAYLYNN HAYMAN MCKATHAN

all disposable income to be paid to unsecured creditors, or when all claims are paid in full, whichever occurs first.

    5.  The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed.  Distributions shall commence and be made by the Trustee on a monthly basis following this Confirmation on secured and priority claims only.  Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

    6.  The Trustee shall make full disbursements in the following order:

        a.    Commissions and costs as the Court may from time to time approve.

        b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

        c.    Any claim or amended claim filed after May 28, 2013, unless specifically provided for in Exhibit A, shall receive no distribution.

    7.  Secured creditors shall retain their liens.

    8.  Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the Plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the Plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any Confirmed Plan that states differently.

    9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing.

JAMES DAVID MCKATHAN and                                      CASE NO: 3:13-bk-00293-PMG
KAYLYNN HAYMAN MCKATHAN

10. The property of the estate revests in the Debtors or in any other entity provided for by the Debtors in the terms of the confirmed Chapter 12 upon entry of this order.

11. The Debtors shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 12 Trustee by April 30th of the year following the taxable year. If the Debtors have properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 12 Trustee no later than 10 days after the extension date. All tax refunds received during this 60 month Plan shall be turned over to the Chapter 12 Trustee for additional distribution to the unsecured creditors.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan are as follows:

    a.    Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtors and Debtors' counsel.

    b.    Upon receipt of the Notice, the Trustee shall take the following action:

        (1)    If the new payment is less than the current payment, the Trustee

JAMES DAVID MCKATHAN and                                    CASE NO: 3:13-bk-00293-PMG
KAYLYNN HAYMAN MCKATHAN

      shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

      (2)    If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtors and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the Confirmed Plan requested by the Trustee pursuant to 11 U.S.C. Section 1229. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15.  If the Debtors have surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

JAMES DAVID MCKATHAN and                                    CASE NO: 3:13-bk-00293-PMG
KAYLYNN HAYMAN MCKATHAN

     16. Claim Notes listed on the attached Exhibit A are incorporated into the terms of this Order.

     DONE and ORDERED in Jacksonville, Florida, this 11th day of July, 2014

*[signature]*

PAUL M. GLENN
United States Bankruptcy Judge

Copies to:
All interested parties

     Douglas W. Neway, the Chapter 12 Standing Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# EXHIBIT A
## CASE NO: 3:13-bk-00293-PMG
### JAMES DAVID MCKATHAN and KAYLYNN HAYMAN MCKATHAN

| Claim No. | Creditor | Claim Type | Claim Amount | Plan Disbursement | Regular Payment | Mth |
|---|---|---|---|---|---|---|
|  | TRUSTEE EXPENSES | Priority |  | As set by the Court |  |  |
| 01 | RESURGENT CAPITAL SERVICES | Unsecured | $125.28 | $125.28 | ProRata |  |
| 02 | NCO FINANCIAL SYSTEMS INC | Unsecured | $214.91 | $214.91 | ProRata |  |
| 03 | SUNTRUST BANK | Secured | $122,401.01 | $40,800.00 | $680.00 | 1 - 60 |

*Claim Notes:* *Mortgage. - Payment Of This Claim Extends Beyond The Plan Term And Includes Interest.*

| 04 | ADVANTA BANK CORPORATION | Unsecured | $9,032.24 | $9,032.24 | ProRata |  |
|---|---|---|---|---|---|---|
| 05 | PNC BANK | Secured | $53,749.99 | $56,400.00 | $2,820.00 | 1 - 20 |
|  |  |  |  |  | $0.00 | 21 - 60 |

*Claim Notes:* *Per Doc # 41 The Allowed Secured Claim Is $53,749.99 And The Allowed Unsecured Claim Is $456,771.82. The Debtors Agree To Entry Of An Order Setting Aside The Order Sustaining The Objection To Claim 5 [Doc #41], If Pnc Bank Files A Motion To Set It Aside And Seeks A Valuation Of Its Secured Claim, Within 90 Days Of The Effective Date Of The Plan.*

| 05 | PNC BANK | Unsecured | $456,771.82 | $456,771.82 | ProRata |  |
|---|---|---|---|---|---|---|

*Claim Notes:* *Per Doc # 41 The Allowed Secured Claim Is $53,749.99 And The Allowed Unsecured Claim Is $456,771.82. The Debtors Agree To Entry Of An Order Setting Aside The Order Sustaining The Objection To Claim 5 [Doc #41], If Pnc Bank Files A Motion To Set It Aside And Seeks A Valuation Of Its Secured Claim, Within 90 Days Of The Effective Date Of The Plan.*

| 06 | INTERNAL REVENUE SERVICE | Priority | $17,239.05 | $17,239.05 | $17,239.05 | 1 - 1 |
|---|---|---|---|---|---|---|
|  |  |  |  |  | $0.00 | 2 - 60 |
| 06 | INTERNAL REVENUE SERVICE | Unsecured | $5,208.12 | $5,208.12 | ProRata |  |
| 07 | SUNTRUST BANK | Secured | $1,020,000.00 | $202,153.20 | $3,369.22 | 1 - 60 |

*Claim Notes:* *Mortgage. - Original Claim Of $1,183,040.00 Secured Claim $1,020,000.00 And Unsecured Claim $163,040.00. Secured Claim Will Be Paid By Surrender Of Partial Collateral Valued At $520,000.00 And Balance Of Claim Is $500,000.00 Being Paid As Monthly Payments Equal To The Amount Of The Secured Claim In The Amount Of $500,000.00 Amortized Over 240 Months At 5.25% Per Annum From August 1, 2013. There Shall Be A Balloon Payment Due Of All Remaining Principal, And Interest, On The First Day Of The First Month After The 60Th Month After The Effective Date Of The Plan. Therefore, The Debtors Will Be Required To Refinance The Payment Of The Balance Owing On The Claim On The First Month After Completion Of The Plan. The Debtors Shall Be Given Credit For The Adequate Protection Payments Made Under The Order Dated August 18, 2013 [Doc #60]. The Trustee Shall Continue To Disburse $3,369.22 To This Creditor Each Month Under The Plan. These Payments Shall Be In Addition To The Adequate Protection Payments Previously Disbursed, And Equal The Amount Of The Claim Reamortized At The Interest Rate And For The Amount Set Forth Above. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest.*

| 07 | SUNTRUST BANK | Unsecured | $163,040.00 | $163,040.00 | ProRata |  |
|---|---|---|---|---|---|---|
| 08 | SPRINGLEAF FINANCIAL SERVICES | Secured | $55,143.30 | $37,200.00 | $620.00 | 1 - 60 |

*Claim Notes:* *Payment Of This Claim Extends Beyond The Plan Term And Includes Interest.*

| 09 | FIA CARD SERVICES | Unsecured | $8,164.46 | $8,164.46 | ProRata |  |
|---|---|---|---|---|---|---|
| 10 | JESSE CAEDINGTON | Unsecured | $40,608.49 | $40,608.49 | ProRata |  |
| 11 | FEDERAL NATIONAL MORTGAGE ASSOC | Secured | $83,524.86 | $36,850.80 | $614.18 | 1 - 60 |

*Claim Notes:* *Fannie Mae Has A Post Petition Claim For Fees, Costs And Escrow Advances And Will File A Timely Notice Of Post Petition Fees And Costs And The Parties Stipulate To Follow The Procedure Set Forth In F.R.B.P Rule 3002.1 Regarding Said Notice. Once Established, The Trustee Shall File An Amended Exhibit A To The Confirmation Order To Provide For The Payments Of The Post Petition Claim From The Available Funds From Each Annual Plan Payment. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest At 6.25%.*

| 12 | FEDERAL NATIONAL MORTGAGE ASSOC | Secured | $229,361.03 | $76,200.00 | $1,270.00 | 1 - 60 |
|---|---|---|---|---|---|---|

*Claim Notes:* *Fannie Mae Has A Post Petition Claim For Fees, Costs And Escrow Advances And Will File A Timely Notice Of Post Petition Fees And Costs And The Parties Stipulate To Follow The Procedure Set Forth In F.R.B.P Rule 3002.1 Regarding Said Notice. Once Established, The Trustee Shall File An Amended Exhibit A To The Confirmation Order To Provide For The Payments Of The Post Petition Claim From The Available Funds From Each Annual Plan Payment. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest At 5.25%.*

| 13 | MIDWEST FEED & FARM | Unsecured | $117,479.34 | $117,479.34 | ProRata |  |
|---|---|---|---|---|---|---|
| 14 | GE CAPITAL RETAIL BANK | Unsecured | $3,082.05 | $3,082.05 | ProRata |  |
| 15 | CCB COMMUNITY BANK | Unsecured | $91,771.72 | $91,771.72 | ProRata |  |

# EXHIBIT A
## CASE NO: 3:13-bk-00293-PMG
### JAMES DAVID MCKATHAN and KAYLYNN HAYMAN MCKATHAN

| Claim No. | Creditor | Claim Type | Claim Amount | Plan Disbursement | Regular Payment | Mth |
|---|---|---|---|---|---|---|
| 16 | MARION COUNTY TAX COLLECTOR | Secured | $1,895.25 | $0.00 | $0.00 | |

*Claim Notes: Collateral Surrendered. - If The Tax Collector Does Not Withdraw The Claim Or Amend The Claim To Show The Claim Has Been Satisfied By July 15, 2014 The Debtors Shall File An Objection To The Claim. The Debtors Shall Be Obligated To Pay To The Trustee, Within 10 Days Of The Date Of Any Order On The Objections, The Remaining Amounts Owed On The Claims Together With Interest As Required By Law. The Debtors And The Trustee Shall Be Entitled To Rely On The Website Of The Tax Collector, If The Tax Collector Fails To Provide A Written Statement On The Amount Of Interest Due. The Debtors Shall Also Pay A Sufficient Amount To Compensate The Trustee As Required By Law.*

| | | | | | | |
|---|---|---|---|---|---|---|
| 17 | MARION COUNTY TAX COLLECTOR | Secured | $1,244.10 | $0.00 | $0.00 | |

*Claim Notes: If The Tax Collector Does Not Withdraw The Claim Or Amend The Claim To Show The Claim Has Been Satisfied By July 15, 2014 The Debtors Shall File An Objection To The Claim. The Debtors Shall Be Obligated To Pay To The Trustee, Within 10 Days Of The Date Of Any Order On The Objections, The Remaining Amounts Owed On The Claims Together With Interest As Required By Law. The Debtors And The Trustee Shall Be Entitled To Rely On The Website Of The Tax Collector, If The Tax Collector Fails To Provide A Written Statement On The Amount Of Interest Due. The Debtors Shall Also Pay A Sufficient Amount To Compensate The Trustee As Required By Law.*

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 | MARION COUNTY TAX COLLECTOR | Secured | $5,969.03 | $0.00 | $0.00 | |

*Claim Notes: If The Tax Collector Does Not Withdraw The Claim Or Amend The Claim To Show The Claim Has Been Satisfied By July 15, 2014 The Debtors Shall File An Objection To The Claim. The Debtors Shall Be Obligated To Pay To The Trustee, Within 10 Days Of The Date Of Any Order On The Objections, The Remaining Amounts Owed On The Claims Together With Interest As Required By Law. The Debtors And The Trustee Shall Be Entitled To Rely On The Website Of The Tax Collector, If The Tax Collector Fails To Provide A Written Statement On The Amount Of Interest Due. The Debtors Shall Also Pay A Sufficient Amount To Compensate The Trustee As Required By Law.*

| | | | | | | |
|---|---|---|---|---|---|---|
| 19 | MARION COUNTY TAX COLLECTOR | Secured | $4,506.00 | $0.00 | $0.00 | |

*Claim Notes: If The Tax Collector Does Not Withdraw The Claim Or Amend The Claim To Show The Claim Has Been Satisfied By July 15, 2014 The Debtors Shall File An Objection To The Claim. The Debtors Shall Be Obligated To Pay To The Trustee, Within 10 Days Of The Date Of Any Order On The Objections, The Remaining Amounts Owed On The Claims Together With Interest As Required By Law. The Debtors And The Trustee Shall Be Entitled To Rely On The Website Of The Tax Collector, If The Tax Collector Fails To Provide A Written Statement On The Amount Of Interest Due. The Debtors Shall Also Pay A Sufficient Amount To Compensate The Trustee As Required By Law.*

| | | | | | | |
|---|---|---|---|---|---|---|
| 20 | MARION COUNTY TAX COLLECTOR | Secured | $2,204.76 | $2,463.86 | $2,463.81 | 1 - 1 |
| | | | | | $0.00 | 2 - 60 |
| 21 | MARION COUNTY TAX COLLECTOR | Secured | $252.32 | $0.00 | $0.00 | |

*Claim Notes: If The Tax Collector Does Not Withdraw The Claim Or Amend The Claim To Show The Claim Has Been Satisfied By July 15, 2014 The Debtors Shall File An Objection To The Claim. The Debtors Shall Be Obligated To Pay To The Trustee, Within 10 Days Of The Date Of Any Order On The Objections, The Remaining Amounts Owed On The Claims Together With Interest As Required By Law. The Debtors And The Trustee Shall Be Entitled To Rely On The Website Of The Tax Collector, If The Tax Collector Fails To Provide A Written Statement On The Amount Of Interest Due. The Debtors Shall Also Pay A Sufficient Amount To Compensate The Trustee As Required By Law.*

### Debtor Payment Schedule

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| August 1, 2014 | 1 - 1 | $36,100.00 |
| September 1, 2014 | 2 - 12 | $10,000.00 |
| August 1, 2015 | 13 - 13 | $36,100.00 |
| September 1, 2015 | 14 - 24 | $10,000.00 |
| August 1, 2016 | 25 - 25 | $36,100.00 |
| September 1, 2016 | 26 - 36 | $10,000.00 |
| August 1, 2017 | 37 - 37 | $36,100.00 |
| September 1, 2017 | 38 - 60 | $10,000.00 |

Copies to: Debtors, Richard A Perry Esquire, Douglas W. Neway, Trustee, All Interested Parties