UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:  James David Mckathan,<br>         Kaylynn Hayman Mckathan,<br><br>         Debtors. | Case 3:13-bk-00293-JAF<br>Chapter 12 |

## SIXTH AMENDED MODIFIED CONFIRMED CHAPTER 12 PLAN

Debtors, James David McKathan and Kaylynn Hayman McKathan, submit the following modified confirmed Chapter 12 plan.

### A. Purpose of Modified Confirmed Chapter 13 Plan

1. Debtors are proposing this modified proposed Chapter 12 plan "Modified Plan" to resolve matters which have arisen after confirmation of a plan in this case involving secured creditors.

2. The Modified Plan does not alter the treatment of those holding administrative, priority and general unsecured claims.

3. The Modified Plan does not provide for Claim 16, Claim 17, Claim 18, Claim 19 and, Claim 21 filed by the Marion County Tax Collector. The Claims Register indicates those claims were amended to reflect that the amount owed is $0.00. The amendments contain a note indicating the claims have been paid.

4. The effective date of the plan is defined below as August 1, 2014. That coincides with the effective date of the confirmed plan.

### B. Payments to the Trustee

1. Debtors shall make 60 equal monthly payments to the Trustee as follows:

a. The monthly payment amount shall be as follows:

i. $10,000.00 in months 1 to 42;

ii. $10,061.70 in months 43 to 53;

iii. $ 10,158.59 in months 54 to 60.

b. The monthly payments shall commence on August 1, 2014 and continue on the same day of each succeeding month for 60 months.

2. Debtors shall make 4 annual payments to the Trustee as follows:

a. The annual payments shall be in the amount of $26,100.00.

b. The annual payments shall commence on the August 1, 2014 and continue on the same day of each succeeding year for a total of 4 years.

### C. Treatment of Administrative and Priority Claims

1. The Chapter 12 Trustee holds an administrative expense claim for compensation and expenses. The Trustee shall receive such an amount as is established by the United States Trustee according to law.

2. Internal Revenue Service [Claim 6] has a priority claim for income taxes in the amount of $17,239.05. This claim shall be paid in full from the proceeds of the first annual payment.

### C. Treatment of Secured Claims

1. **SunTrust Bank - Claim 3**

a. This creditor holds a claim secured by a mortgage on real property located at 13401 West Highway 316, Reddick, Florida for $122,401.01. The Parcel Identification

Number is R15847-001-14.

    b.  The secured claim is in the amount of $122,401.01 and is based on Claim 3.

    c. The collateral shall be retained by the Debtors.

    d. This claim shall be reamortized with a monthly payment of $680.00 and interest at the rate of 5.25% per annum, until the claim is paid in full, with interest.

    e. The payments shall be disbursed by the Trustee during the plan, and upon completion of the plan, the Debtors shall make direct payments for the remainder of the months not paid under the plan.

    2. **PNC Bank - Claim 5**

    a. This creditor holds a claim secured by a mortgage on real property located at 13401 West Highway 316, Reddick, Florida and a Parcel Identification Number of R15847-001-14.

    b.  The secured claim is based on an Order Granting Motion to Value Claim 5 dated March 16, 2016 [Doc.#124] which allowed Claim 5 as a secured claim in the amount of $318,237.96.

    c.  The collateral securing Claim 5 shall be retained by the Debtors.

    d.  The claim shall be reamortized with interest at the rate of 5.24% interest per annum.

    e. This creditor shall receive monthly payments of $2,820.00 in months 1 through 20 under the plan for a total of $56,400.00.

    f.  Commencing on the first day of the first month after the granting of a discharge, the Debtors shall commence making direct payments of $2,820.00 each month to PNC Bank until the claim is satisfied with interest as set forth above.

f. Distribution to this creditor under the Plan shall commence on the effective date of the plan, and continue on the same day of each succeeding month for 20 months.  Thereafter, upon discharge, the Debtors will make direct payments as set forth above.

   3. **Sunshine Stables, LLC  - Claim 7**

a. Claim 7 was filed by SunTrust Bank. However, SunTrust Bank gave notice that it had assigned Claim 7 to ST Southeast, LLC in a Notice filed February 22, 2017 [Doc.#140]. Thereafter, the claim was transferred to Sunshine Stables LLC [Doc.#190].

b. Claim 7 filed a secured claim in the amount of $1,183,040.00 by SunTrust Bank. Pursuant to the Stipulation and Agreement for Use of Cash Collateral, Providing Adequate Protection to SunTrust Bank, and Agreed Plan Treatment [Doc #59] (the "Stipulation") the Debtors surrendered one parcel of property encumbered by a mortgage, and retained the remaining parcel. Under the stipulation, the parties agreed that the property retained had a value of $500,000.00, and the property surrendered had a value of $520,000.00. Therefore, SunTrust Bank was entitled to and treated as having an unsecured claim in the amount of $163,040.00.

c.  The remaining secured claim is in the amount of $500,000 is based on Claim 7 and the Stipulation (and after surrender of collateral as set forth above).

d. Sunshine Stables LLC now holds the claim and it is secured by a mortgage on the real property located at 17400 NW 120th Terrace Road, Reddick, Marion County, Florida and assigned Parcel Identification Number R0197-008-001.

e. The holder of Claim 7 shall receive monthly payments from the Trustee of $3,369.22 per month for 60 months.  That payment equals $500,000.00 amortized over 240 months at 5.25% per annum from August 1, 2014.  Debtors shall be given credit for

adequate protection payments made under the order dated August 9, 2013 [Doc.#60].

 f. Debtors shall surrender to Sunshine Stables LLC all remaining collateral securing Claim 7 including the real property located at 17400 NW 120th Terrace Road, Reddick, Marion County, Florida and assigned Parcel Identification Number R0197-008-001 and the automatic stay imposed by 11 U.S.C. § 362 shall be deemed lifted to permit Sunshine Stables LLC to pursue its *in rem remedies* in the collateral upon entry of an order approving or confirming this modified confirmed plan.

 g. Claim 7 was also secured by a mortgage on the real property located at 17340 NW 120th Terrace Road, Reddick, Florida which has been surrendered and foreclosed on under an agreed order granting relief from the automatic stay dated August 19, 2013 [Doc. #60]. The Parcel Identification Number for the property which was foreclosed is R0197-008-000.

 4. **U.S. Bank Trust  - Claim 8**

 a. Claim 8 was filed by Springleaf Financial Services ("Springleaf"). Thereafter, Springleaf gave notice that it had assigned Claim 8 to Select Portfolio Servicing, INC, as Servicing Agent for The Bank of New York, as Trustee for The Holders of The EQCC Asset Backed Certificates, Series 2001-2 ("Select Portfolio") in a Notice filed February 13, 2015 [Doc.#118]; and, thereafter, Select Portfolio gave notice that it had assigned Claim 8 to U.S. Bank Trust National Association, as Trustee of the Igloo Series II Trust ("U.S. Bank Trust") in a Notice filed June 1, 2016 [Doc.#137].

 b. U.S. Bank Trust holds a claim secured by a mortgage on real property located at 4775 NW 61st Lane Terrace Road, Ocala, Florida for $55,143.30. The Parcel Identification Number for this property is R1352-001-016.

 c. The secured claim is in the amount of $55,143.30 and is based on Claim 8.

  d. The collateral shall be retained by the Debtors.

  e. This claim shall be reamortized with interest at the rate of 5.25% per annum, until the claim is paid in full, with interest.

  f. Distribution to this creditor shall be as follows: $620.00 in months 1 through 42, $678.61 in months 43 through 53, and $770.66 in months 54-60.

  g. Commencing on the first day of the first month after the granting of a discharge, the Debtors shall commence making direct payments of $620.00 each month until the claim is satisfied with interest as set forth above.

  h. The payments described above shall commence on the effective date of the plan.

  5. **Nationstar Mortgage LLC d/b/a Mr. Cooper - Claim 11**

  a. Claim 11 was filed by Federal National Mortgage Association (Fannie Mae) and serviced by Seterus, Inc. However, the initial holder of the claim assigned Claim 11 to Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") in as set forth in a notice of the assignment filed June 20, 2019 [Doc.#178].

  b. Mr. Cooper holds a claim secured by a first mortgage on real property located at 2680 NE 37th Place, Ocala, Florida for $83,524.86. The Parcel Identification Number is R15847-001-14.

  c. The collateral shall be retained by the Debtors.

  d. This claim shall be reamortized with a monthly payment of $614.55 and interest at the rate of 5.25% per annum, until the claim is paid in full, with interest.

  e. The payments shall be disbursed by the Trustee during the plan, and upon completion of the plan, the Debtors shall make direct payments for the remainder of the months not paid under the plan.

f. The payments described above shall commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court enters an order requiring adequate protection payments.

g. Debtors shall pay to Mr. Cooper post petition pre-confirmation advances for taxes, insurance, fees and interest (totaling $15,061.02 as stated in Mr. Cooper's supplement to Claim 11, filed on the claims docket on October 1, 2014), together with post confirmation advances for taxes and insurance (aggregating to $9,037.50) advanced and $16.63 to be advanced on August 1, 2019, in addition to the $15,061.02 noted above by Mr. Cooper for an aggregate amount of $24,115.15 which shall be added to the outstanding loan and allowed claim balance [Claim 11-1] upon entry of an order approving the modification of the plan.

h. The Claim shall be paid by reamortizing the loan and claim balance at the interest rate of 5.25% per annum which may require extending the term of the loan. These obligations shall survive discharge and remain as part of the loan balance until fully paid and this creditor, its successors and assigns shall retain their mortgage lien on the claim/loan including the post petition advances fees and interest identified herein.

i. Debtors shall, going forward, pay their taxes and insurance directly (non escrowed) including payment of 2017 and 2018 real estate taxes for the subject property which are currently unpaid, however, Debtors shall pay the PMI premium of $16.63 monthly to Mr. Cooper in addition to the monthly payment of principal and interest.

j. Debtors shall timely execute any documents reflecting the modification of Claim 11 upon reasonable request, though additional documents are not necessary to effect the modifications noted herein.

6. **SN Servicing – Claim 12**

a. Claim 12 was filed by Federal National Mortgage Association (Fannie Mae) and serviced by Seterus, Inc.   However, the initial holder of the claim gave notice that it had assigned Claim 12 to U.S. Bank Trust National Association as Trustee of Chalet Series III Trust and serviced by SN Servicing Corporation ("SN Servicing") in a Notice filed May 24, 2019 [Doc.#176].

b. SN Servicing holds a claim secured by a first mortgage on real property located at 13401 West Highway 316 | Reddick, Florida for $229,361.03. The Parcel Identification Number is R 05863-001-03.

c. The collateral shall be retained by the Debtors.

d. This claim shall be reamortized with a monthly payment of $1,270.00 and interest at the rate of 5.25% per annum, until the claim is paid in full, with interest.

e.  All amounts set forth in the supplements to Claim 12 , including post petition interest, attorney's fees, charges and, advances for taxes and insurance, shall be deemed added to the outstanding balance of the loan and claim balance upon entry of an order approving the modification of the plan. The amount shall be paid by reamortizing the balance which may require extending term of the loan.

e. The payments described above shall commence on the effective date of the plan, and continue on the same day of each succeeding month, until paid in full.

7. **CCCB Community Bank - Claim 15**

a.  CCCB Community Bank. [Claim 15] holds a claim secured by a mortgage on real property located at 11976 Alabama Highway 137 | Andalusa, Alabama for $91,771.72.

a. The collateral shall be surrendered by the Debtors.

b. This creditor shall not receive any distribution on its secured claim under the plan.

### 8. Marion Tax Collector - Claim 20

Marion Tax Collector [Claim 20] has a secured claim for ad valorem real property taxes on a parcel sited at 4775 NW 61st Lane Terrace Road | Ocala, Florida in the amount of $2,204.76. The Parcel Identification Number for this property is R1352-001-016.

a. This claim shall be paid in full from the proceeds of the first annual payment.

b. The amount to be paid is $2,463.86. This amount includes interest.

### D. Treatment of General Unsecured Claims.

1. Creditors who hold allowed general unsecured claims shall receive a pro-rata distribution of remaining amounts after disbursements are made to those holding allowed administrative, priority and secured claims as set forth above, until such time as they are satisfied.

### E. Miscellaneous Provisions

1. References to statutory sections, chapters and in this document, are references to sections and chapters of the Bankruptcy Code, unless otherwise indicated. References rules in this document are references to rules of the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

2. The "effective date of the plan" shall be August 1, 2014.

3. Title to all property of the estate shall revest in the Debtor upon the entry of an order confirming this plan, unless otherwise ordered by the Court.

4. The Debtors shall not be charged or assessed a late charge or fee for payments made under the plan.

5. Each creditor shall retain its lien to the extent permitted by §506(d).

6. The Debtors, upon reasonable request by a creditor holding a secured claim, shall execute a note, security agreement, mortgage or other similar instrument or document to reflect the amounts owing, and the terms of payment as provided by the plan, and to preserve and maintain any security interest, mortgage interest or lien rights. It shall be the responsibility of this creditor to prepare any such instrument or documents. Instruments and documents prepared under this section may provide that the debtors be required to maintain insurance and pay taxes on collateral, only to the extent that a creditor had such a right by way of statute or written agreement prior to the petition date. Instruments and documents prepared under this section may provide that if the Debtors default in payments under the plan, or in any obligation by way of statute or written agreement to provide insurance or pay taxes (except for taxes paid through the plan and owing on the effective date of the plan), then the secured creditor may, at its option, accelerate full payment of the obligation. Upon default, as set forth above, and after completion of payments under the plan, the instrument may provide the secured creditor pursue its remedies in its collateral, as provided by law, including repossession or foreclosure of its interest, and maintain the rights to seek a judgment for any deficiency. Further, upon default as set forth above, the document or instrument may provide that the creditor is entitled to reasonable attorney's fees and costs incurred in the preservation, liquidation of its collateral, foreclosure of its lien rights, or in collecting amounts due. Such instruments are documents may also provide for payment of a late charge upon the failure of the debtor to make timely payments. However, the late charge shall not be in an amount in excess of 5% of the monthly payment.

/s/James David Mckathan  Dated: February 2, 2020
JAMES DAVID MCKATHAN
Debtor

/s/Kaylynn Hayman Mckathan  Dated: February 2, 2020
KAYLYNN HAYMAN MCKATHAN
Debtor

RICHARD A. PERRY, P.A.
Law Practice

/s/ Richard A. Perry
Richard A. Perry
Fla. Bar No. 394520
820 East Fort King Street
Ocala, FL 34471-2320
352-732-2299
richard@rapocala.com

Attorney for Debtors